UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>[27] EDDIE J. VIDAL MORAN a.k.a "Scarface"<br>Defendant. | CASE NO. 16-125(ADC) |

**PLEA AGREEMENT**
(Pursuant to Rule 11(c)(1)(A) and (B) FRCP)

TO THE HONORABLE COURT:

COMES NOW the United States of America through its counsel Rosa Emilia Rodríguez-Vélez, United States Attorney for the District of Puerto Rico; Jose Capó-Iriarte, Assistant United States Attorney, Chief, Criminal Division; Alberto R. Lopez-Rocafort, Assistant U.S. Attorney, Deputy Chief, Narcotics Unit; Assistant U.S. Attorney, Teresa S. Zapata Valladares, Assistant U.S. Attorney and defendant's counsel, Diego Alcalá, Esq., and defendant **[27] EDDIE J. VIDAL MORAN** pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state to this Honorable Court, that they have reached an agreement, the terms and conditions of which are as follows:

1. **COUNTS TO WHICH DEFENDANT PLEADS GUILTY**

The defendant agrees to plead guilty to Count One of the Indictment. Count One charges: Beginning no later than the year 2009 and continuing up to and until March 2016 in the Municipality of Ponce and other areas nearby, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court **[27] EDDIE J. VIDALMORAN**, and other persons did knowingly and intentionally,

1

combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, the defendants herein conspired to knowingly and intentionally possess with intent to distribute controlled substances, to wit: of two-hundred and eighty (280) grams or more of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; one (1) kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic Drug Controlled Substance; (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance; one hundred (100) kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I, Controlled Substance; all within one thousand (1,000) feet of the real property comprising the Santiago Iglesias Public Housing Project, a housing facility owned by a public housing authority, and other areas nearby and within the Municipality of Ponce, Puerto Rico. All in violation of Title 21, United States Code Sections 841(a)(1), 846 and 860.

2. **MAXIMUM PENALTIES**

In regard to COUNT ONE, the penalty for the offense charged is a term of imprisonment which shall not be less than ten (10) years and up to two (2) terms of life, a fine not to exceed Twenty million dollars ($20,000,000.00) and a term of supervised release of not less than ten (10) years in addition to any term of incarceration, pursuant to Title 21, United States Code, §§ 841(b)(1)(A), 846, and 860.

However, based on the stipulated and agreed amount of narcotics possessed by the defendant, that is, at least 2 kilograms but less than 3.5 kilograms of cocaine, the defendant faces a minimum sentence of five (5) years of imprisonment and a maximum term of imprisonment of eighty (80) years, a fine not to exceed Ten million dollars ($10,000,000.00), and a term of supervised release of not less than

eight (8) years in addition to any term of incarceration, pursuant to Title 21, United States Code, §§ 841(b)(1)(B), 846, and 860.

### 3. ADVISORY NATURE OF THE SENTENCING GUIDELINES

The defendant is aware that pursuant to the decisions issued on January 12, 2005, by the Supreme Court of the United States in the case of United States v. Booker, 543 U.S. 220 (2005), the Sentencing Guidelines are no longer mandatory and must be considered effectively advisory. Further, the defendant acknowledges to be aware that parole has been abolished and the imposition of a sentence may not be suspended.

### 4. SPECIAL MONETARY ASSESSMENT

Prior to defendant's change of plea hearing, the defendant shall pay a special monetary assessment of one hundred dollars ($100.00) per count of conviction.



### 5. FINES AND RESTITUTION

The defendant is aware that the Court may, pursuant to Section 5E1.2 of the Sentencing Guidelines Manual, order the defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release ordered and also the Court may impose restitution. As part of this Plea Agreement, the defendant agrees to produce complete information regarding all restitution victims and defendant agrees to execute a financial statement to the United States (OBD Form 500). The United States will make no recommendations as to the imposition of fines.

### 6. RULE 11(c)(1)(B) WARNINGS

The defendant is aware that the defendant's sentence is within the sound discretion of the sentencing judge and the advisory Sentencing Guidelines (including the Guidelines Policy Statements, Application, and Background Notes). The defendant understands and acknowledges that the Court is

3

not a party to this Plea Agreement and thus, is not bound by this agreement or the sentencing calculations and/or recommendations contained herein. Defendant specifically acknowledges and admits that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty. Defendant is aware that the court may accept or reject the Plea Agreement, or may defer its decision whether to accept or reject the Plea Agreement until it has considered the pre-sentence report. Should the Court impose a sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw the guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

7. **SENTENCING GUIDELINES CALCULATIONS**

Although the Guidelines are now advisory, United States v. Booker, 125 S.Ct. 738, 744, (2005), makes clear the sentencing court is required to consider the Guidelines "sentencing range established for... the applicable category of offense committed by the applicable category of defendant" in imposing sentence. Booker, 125 S.Ct. At 744. Therefore, the United States and the defendant submit the following advisory Sentencing Guidelines calculations as to COUNT ONE:

| PLEA AGREEMENT SENTENCING GUIDELINES CALCULATION TABLE | |
|---|---|
| **COUNT ONE** <br> **Title 21, U.S.C., § 841(a)(1), 846 and 860** | |
| BASE OFFENSE LEVEL [U.S.S.G. § 2D1.1(c)(7)] <br> At least 2 kilograms but less than 3.5 kilograms of cocaine | 26 |
| Protected Location [U.S.S.G. § 2D1.2(a)(1)] | +2 |
| Special Offense Characteristic: Firearm [U.S.S.G. §2D1.1(b)(1)] | +2 |
| Acceptance of Responsibility [U.S.S.G. § 3E1.1] | -3 |
| **TOTAL OFFENSE LEVEL** | 27 |
| There is no stipulation as to defendant's Criminal History Category (CHC) | CHC I 70-87 <br> CHC II 78-97 |



SENTENCE RECOMMENDATION: After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), if defendant is CHC I the parties reserve the right to recommend a sentence within the applicable Guideline Sentencing Range for a total offense level of 27. If defendant is CHC II, the parties agree to recommend a sentence at a total offense level of 27, that is 78 months of imprisonment. If defendant is CHC III or higher the parties reserve the right to recommend a sentence within the applicable Guideline Sentencing Range for a total offense level of 27 when combined with defendant's criminal history category as determined by the Court. The parties agree that any recommendation for a term of imprisonment below the above stipulated will be a material breach of the plea agreement. The parties further agree that defendant may request that the sentence imposed in the instant case run concurrent to the sentence imposed in state cases JLA2015G00114 and 114 and JSC2015G0228.

CRIMINAL HISTORY CATEGORY: The parties make NO stipulation as to defendant's Criminal History Category.

8. **NO FURTHER ADJUSTMENTS OR DEPARTURES**

The United States and the defendant agree that no further adjustment or departures to the defendant's base offense level shall be sought by the parties.

9. **WAIVER OF APPEAL**

The defendant hereby agrees that if this Honorable Court accepts this Plea Agreement and sentences him according to its terms, conditions and recommendations, defendant waives and surrenders his right to appeal the judgment and sentence in this case.

10. **SATISFACTION WITH COUNSEL**



The defendant represents to the Court to be satisfied with defendant's counsel, Diego Alcalá, Esq., and indicates that counsel has rendered effective legal assistance.

11. **RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA**

Defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal defendants include the following:

a.  If the defendant had persisted in a plea of not guilty to the charges, defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States and the judge agree.

b.  If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. The defendant and the defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing

prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c.  If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

d.  At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

e.  At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilty could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

**12. DISMISSAL OF REMAINING COUNTS:**

At sentencing, the United States shall request the dismissal of the remaining counts of the Indictment.

**13. STATEMENT OF FACTS**

The accompanying Statement of Facts signed by the defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Statement of Facts and agrees that the facts therein are accurate

7

in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

14. **LIMITATIONS OF PLEA AGREEMENT**

This plea agreement binds only the United States Attorney's Office for the District of Puerto Rico and the defendant; it does not bind any other federal district, state or local authorities

15. **ENTIRETY OF PLEA AGREEMENT**

This written agreement constitutes the complete Plea Agreement between the United States, the defendant, and the defendant's counsel. The United States has made no promises or representations except as set forth in writing in this plea agreement and deny the existence of any other term and conditions not stated herein.

16. **AMENDMENTS TO PLEA AGREEMENT**

No other promises, terms, conditions will be entered unless in writing, signed by all parties.

17. **VOLUNTARINESS OF GUILTY PLEA**

The defendant acknowledges that no threats have been made against the defendant and that the defendant is pleading guilty freely and voluntarily because the defendant is guilty.

(CONTINUED ON NEXT PAGE)

8

RESPECTFULLY SUBMITTED.
ROSA EMILIA RODRIGUEZ-VELEZ
United States Attorney

_____
José Capó-Iriarte
Assistant U.S. Attorney
Chief, Criminal Division
Dated: 7/11/16

_____
Alberto R. Lopez-Rocafort
Assistant U.S. Attorney
Deputy Chief, Narcotics Unit
Dated: 7/7/2016

_____
Teresa S. Zapata Valladares
Assistant U.S. Attorney

_____
Diego Alcalá, Esq
Counsel for Defendant
Dated: 7/12/2016

_____
EDDIE J. VIDAL MORAN
Defendant
Dated: 7/12/2016

9

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u> which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I fully understand this agreement and I voluntarily agree to it. My counsel has translated the plea agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and I voluntarily agree to it.

Date: 7/12/2016

_____
EDDIE J. VIDAL MORAN
Defendant

I am the attorney for the defendant. I have fully explained to the defendant her rights with respect to the pending Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u>, and I have fully explained to the defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part this Plea Agreement with the defendant. I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, the defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all consequences of defendant's plea of guilty.

Date: 7/12/2016

_____
Diego Alcalá, Esq.
Counsel for Defendant

10

Case 3:16-cr-00125-ADC-BJM   Document 348   Filed 07/12/16   Page 11 of 13

## STATEMENT OF FACTS

In conjunction with the submission of the accompanying plea agreement in this case, the United States of America submits the following statement setting forth the United States' version of the facts leading to the defendant's acceptance of criminal responsibility for defendant's violations of Title 21, United States Code, §§ 841, 846, and 860. The following is a synopsis of the facts in this case:

Beginning no later than the year 2009 and continuing up to and until March 2016 in the Municipality of Ponce and other areas nearby, in the District of Puerto Rico, and elsewhere within the jurisdiction of this Court **[27] EDDIE J. VIDAL MORAN**, and other persons did knowingly and intentionally, combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, the defendants herein conspired to knowingly and intentionally possess with intent to distribute controlled substances, to wit: of two-hundred and eighty (280) grams or more of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; one (1) kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I, Narcotic Drug Controlled Substance; (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance; one hundred (100) kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I, Controlled Substance; all within one thousand (1,000) feet of the real property comprising the Santiago Iglesias Public Housing

Project, a housing facility owned by a public housing authority, and other areas nearby and within the Municipality of Ponce, Puerto Rico. All in violation of Title 21, United States Code Sections 841(a)(1), 846 and 860.

The object of the conspiracy was to distribute controlled substances at Santiago Iglesias Public Housing Project, a housing facility owned by a public housing authority, and other areas nearby and within the Municipality of Ponce, Puerto Rico for financial gain and profit. Defendant **[27] EDDIE J. VIDAL MORAN** was a seller of the drug trafficking organization. As such, he would be responsible for the street level distribution of the organization's controlled substances within the Santiago Iglesias Public Housing Project. At times he would possess firearms and would allow other members of the conspiracy to possess firearms to further the objectives of the conspiracy. While multiple kilograms of heroin, marijuana, cocaine, and cocaine base were distributed during the conspiracy, for purposes of this plea agreement the defendant acknowledges that during the span of the conspiracy he possessed with intent to distribute at least 2 kilograms but less than 3.5 kilograms of cocaine.

At trial, the United States would have proven beyond a reasonable doubt that defendant **[27] EDDIE J. VIDAL MORAN** is guilty as charged in COUNT ONE of the Indictment by presenting physical and documentary evidence, photographs, audio and video recordings, testimony of a forensic chemist as an expert witness, cooperating witnesses, as well as the testimony of law enforcement agents among others.

(CONTINUED ON NEXT PAGE)

Full discovery has been timely provided to the defendant.

_____
Teresa S. Zapata Valladares
Assistant U.S. Attorney
Dated: 7·7·16

_____
Diego Alcalá, Esq.
Counsel for Defendant
Dated: 7/12/2016

_____
EDDIE J. VIDAL MORAN
Defendant
Date: 7/12/2016